11-440-cv (L)
Water Works Realty Corp. v. Edwards

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand twelve.

PRESENT:
> JOHN M. WALKER, JR.,
> CHESTER J. STRAUB,
> GERARD E. LYNCH,
> *Circuit Judges.*

---

Water Works Realty Corp., Gary Melius,

> *Plaintiffs-Appellees,*

v.                                                          11-440-cv (L)
                                                            11-497-cv (Con)

Harrison J. Edwards, III, individually and
in his official capacity as Village Counsel
for the Village of Freeport, *et al.*,

> *Defendants-Appellants,*

Board of Trustees for the Village of Freeport,
*et al.*,

> *Defendants.*

---

FOR PLAINTIFFS-APPELLEES:          Ronald J. Rosenberg, Esq., Garden City, NY.

FOR DEFENDANTS-APPELLANTS:     Harrison J. Edwards, *pro se*, Freeport, NY, William F. Glacken, *pro se*, Freeport, NY, Renaire Frierson, *pro se*, Freeport, NY, Vilma Lancaster, *pro se*, Freeport, NY, William H. White, *pro se*, Freeport, NY, Donald K. Miller, *pro se*, Freeport, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that case is DISMISSED for lack of jurisdiction.

Appellants, various former elected and appointed officials of the Incorporated Village of Freeport, New York, *pro se*, appeal the district court's January 2011 order denying their motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), Appellees' complaint alleging, inter alia, violations of 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

"We turn first, as we must, to the issue of our jurisdiction. Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). Appellants seek review of the district court's denial of their motion to dismiss. Orders denying motions to dismiss are ordinarily not immediately appealable "final decisions" within the meaning of 28 U.S.C. § 1291. It is

2

well established, however, that, pursuant to the collateral-order doctrine, "a district court's order rejecting qualified immunity at the motion-to-dismiss stage of a proceeding" can be a final decision within the meaning of 28 U.S.C. § 1291 – "[p]rovided it turns on a question of law . . . ." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1946 (2009) (internal quotations omitted); *see also Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010). A denial of an immunity-based motion is *not* a final order, however, where issues of fact must be resolved before the immunity defense can be resolved. *Walczyk v. Rio*, 496 F.3d 139, 153 (2d Cir. 2007).

The district court denied Appellants' motion to dismiss because "numerous questions of fact preclude the entry of judgment at this time." Our review of the proceedings below shows that the district court likely reached this conclusion because the parties' characterizations of the conduct at issue in this suit differ markedly. Appellants claim that they were engaged in protected legislative activity for which they enjoy absolute immunity, or, alternatively, that their conduct was objectively reasonable and thus protected by qualified immunity. Appellees, in contrast, assert in their complaint that Appellants impermissibly used their legislative offices specifically to target Appellees, rather than to enact policies of general application, or, alternatively, that Appellants' wrongful activity in violation of Appellees' constitutional rights was objectively unreasonable. Given these markedly different factual characterizations, we find that the district court correctly determined that the Appellees' complaint could be plausibly construed to allege activity not protected by either absolute or qualified

3

immunity, and that questions of fact therefore preclude appellate jurisdiction. More specifically, before Appellants' immunity defenses may be resolved, a fact finder must determine whether: (1) Appellants participated only in protected legislative activity; (2) Appellees suffered a constitutional violation in the form of an unlawful taking of their property and/or due process violations; and (3) Appellants reasonably believed that they did not violate Appellees' constitutional rights. In light of these factual questions, the district court's denial of Appellants' motion to dismiss is not a final order. We therefore lack jurisdiction to consider it. *See Britt v. Garcia*, 457 F.3d 264, 270 (2d Cir. 2006).

Accordingly, we DISMISS this appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4